1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOTASHA HOLMES, | ) | 1:12cv0415 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| | ) | |
| GLOBAL LIFE AND ACCIDENT | ) | |
| INSURANCE CO., et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On March 21, 2012, Plaintiff Jotasha Holmes ("Plaintiff"), proceeding pro se, filed this action against Defendants Global Life and Accident Insurance Company and Vicki Abbitt.

### DISCUSSION

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  Notwithstanding the payment of any filing fee, the court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

B.      Plaintiff's Allegations

Plaintiff cites this Court's diversity jurisdiction in bringing this action against Defendants Global Life and Accident Insurance Co. and its legal coordinator, Vicki Abbitt.  She alleges that on October 27, 2011, Global Life mailed her benefit check in the amount of $5,016 to 2294 Sierra Madre Avenue, Clovis, California, 93611, and "deliberately put it in the care of Marlene Jackson."  Complaint, at 1.  Plaintiff alleges that she never lived at this address and that Marlene Jackson is not a trusted relative.  She later states that she has not lived with Ms. Jackson for over 6 years and that Marlene Jackson was an abusive foster mother.  She alleges breach of contract, as well as a breach of privacy and confidentiality, and references "emotional pain."  Complaint, at 2. Plaintiff requests damages in the amount of $17,000,000,000,000.

Plaintiff attaches a letter from Defendant Abbitt, in which she contends that Defendant Abbitt "admitted" to sending the check to Marlene Jackson.  Complaint, at 2.  The letter, written by Defendant Abbitt in response to Plaintiff's correspondence, indicates that Plaintiff was listed as a co-beneficiary under a life insurance policy.  She confirms that a benefit check in the amount of $5,016.85 was mailed on October 27, 2011, to "2294 Sierra Madre Ave., Clovis, CA 93611 in care of Marlene Jackson."  Defendant Abbitt also explains that Ms. Jackson's attorney provided a notarized statement purportedly signed by Plaintiff stating that Plaintiff wanted all benefits under the policy to be assigned to Marlene Jackson.  Defendant Abbitt asks Plaintiff to verify this information and explains that Global Life placed a stop payment on the check and will hold the proceeds of the check until Plaintiff responds.

C.      Analysis

Federal courts are courts of limited jurisdiction.  "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 (1982).  Plaintiff must demonstrate a "real and immediate" injury that is not abstract or hypothetical.  Lyons, 461 U.S. at 102.  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in

1  question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of

2  Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the

3  burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83,

4  103–04 (1998).

5        Plaintiff's allegations are based on Defendants' "deliberate" act of sending the benefits

6  check to Marlene Jackson.  Indeed, as explained by Defendant Abbitt's February 12, 2012, letter,

7  Defendants acted pursuant to a notarized statement purportedly signed by Plaintiff and assigning

8  benefits under the policy to Marlene Jackson.  Defendants have stopped payment on the check and

9  have placed a hold on the money while allowing Plaintiff an opportunity to indicate whether she

10  signed the statement and/or whether she does not want the benefit assigned to Ms. Jackson.  There

11  is no indication that Plaintiff has followed through with the remedy offered by Defendants, nor

12  has she indicated in her complaint that the statement was not valid.  Accordingly, there is no case

13  or controversy before the Court.

14        To the extent that Plaintiff cites general privacy issues, she has not alleged how sending

15  the check to Ms. Jackson amounted to a serious invasion of a protected privacy interest.  Under

16  the California Constitution, there must be a legally protected privacy interest *and* a serious

17  invasion of that interest.  Grummett v. Rushen, 779 F.2d 491, 494 (9th Cir. 1985).  Plaintiff has

18  not explained why she would have a legally protected privacy interest in a benefit check or how

19  Defendants seriously invaded that interest.  Similarly, a common law claim for invasion of privacy

20  requires a public disclosure of private facts which would be offensive and objectionable to a

21  person of ordinary sensibilities.  Wasson v. Sonoma Cnty. Jr. College Dist., 4 F.Supp.2d 893, 908

22  (N.D.Cal.1997).  Plaintiff makes no such allegations.

23        Moreover, the Court notes the frivolous and fanciful nature of portions of the complaint.

24  For example, Plaintiff calls herself the "Lioness of the Tribe of Judah" and states that the $17

25  trillion dollars she requests "will be spent on preserving the wild life of Africa, the Mother of our

26  Earth."  Complaint, at 2.

27

28

**RECOMMENDATION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim for which relief can be granted.

These Findings and Recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Fed. R. Civ. P. 72(b); Local Rule 304(b).  The document should be captioned Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**   **March 27, 2012**                    **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

4